Eric G. Maxfield (#8668)
H. Matthew Horlacher (#7733)
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT  84101
Telephone: (801) 799-5800
egmaxfield@hollandhart.com
mhorlacher@hollandhart.com
*Attorneys for Plaintiffs Nu Skin Enterprises, Inc.
and NSE Products, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| NU SKIN ENTERPRISES, INC., a Delaware corporation; and NSE PRODUCTS, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> NU IMAGE MEDICAL Inc., a Florida corporation, <br><br> Defendant. | **COMPLAINT** <br><br> Case No. _____ <br><br> Judge _____ <br><br> **JURY DEMANDED** |

Plaintiffs Nu Skin Enterprises, Inc. ("NSE") and NSE Products, Inc. ("NSEP") (NSE and NSEP, together, "Nu Skin" or "Plaintiffs") complain against Defendant Nu Image Medical Inc. ("Nu Image" or "Defendant"), seek injunctive relief and disgorgement of profits for trademark infringement and unfair competition under the Lanham Act and related state laws, and allege as follows:

## PARTIES

1. NSEP is a Delaware corporation with its principal place of business at 75 West Center Street, Provo, Utah 84601.

2. NSE is a Delaware corporation with its principal place of business at 75 West Center Street, Provo, Utah 84601.

3. Nu Image is a Florida corporation with a principal place of business at 5401 W. Kennedy Blvd., Suite 100, Tampa, Floria 33609.

## JURISDICTION AND VENUE

4. This action arises under §§ 1114 and 1125(a) of the Lanham Act, 15 U.S.C. §§ 1501 *et seq.*, and related Utah state law.

5. The Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

6. The Court has personal jurisdiction over Defendant because it transacts business within the state of Utah.

7. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's infringing conduct giving rise to this action is occurring within this District.

## GENERAL ALLEGATIONS

**Plaintiffs' NU SKIN Marks**

8. Over the past forty years, Nu Skin has established itself in the United States and abroad as a premier anti-aging company associated with innovation and high-quality personal care, nutrition, and technology products.

9. Among Nu Skin's many leading products are its cosmetic and medical tools for skin treatments, along with its skin and hair care products, including moisturizers, cleansers, cosmetics, anti-acne preparations, sun protection, shampoos, conditioners, cosmetic and non-medicated hair treatments, and styling products.

10. Nu Skin also supports its consumers' healthy lifestyles with offerings of dietary and nutritional supplements, beauty beverages, meal replacement drink mixes, and dietary guidance services.

11. Nu Skin has branded its offerings under its NU SKIN mark since at least as early as 1984.

12. Nu Skin's NU SKIN mark is the subject of the following federal trademark registrations (the "Registrations").  Nu Skin attaches as Exhibit A true and correct copies of its Registrations and reports from the United States Patent and Trademark Office's TSDR database showing the current status and title of each of Nu Skin's Registrations.

| Mark | Key Dates | Goods & Services |
|---|---|---|
| **NU SKIN**<br>RN: 4879840<br>SN: 86503747 | Int'l Class: 03<br>First Use: June 1, 1984<br>Int'l Class: 10<br>First Use: March 10, 2006<br>Filed: January 14, 2015<br>Registered January 5, 2016 | (Int'l Class: 03)<br>body and beauty care cosmetics; cleansing creams; cosmetic creams; cosmetic creams for skin care; cosmetic hand creams; cosmetic nourishing creams; cosmetic preparations against sunburn; cosmetic preparations for bath and shower; cosmetic preparations for protecting the skin from the sun's rays; cosmetic preparations for skin care; cosmetic preparations for the care of mouth and teeth; cosmetic preparations for the hair and scalp; cosmetic preparations, namely, firming creams; cosmetic preparations, namely, firming lotions; cosmetic soaps; cosmetic sun-protecting preparations; cosmetic sunscreen preparations; cosmetics; cosmetics and cosmetic preparations; essential oils; essential oils for aromatherapy use; face creams for cosmetic use; |

3

| Mark | Key Dates | Goods & Services |
|---|---|---|
| | | foams containing cosmetics and sunscreens; lotions for cosmetic purposes; non-medicated hair treatment preparations for cosmetic purposes; skin conditioning creams for cosmetic purposes; wrinkle-minimizing cosmetic preparations for topical facial use<br>(Int'l Class: 10)<br>cosmetic apparatus using ultrasound for performing aesthetic skin treatment procedures; facial toning machines for cosmetic use; medical devices for nonsurgical cosmetic treatments |
| **NU SKIN (Stylized)**<br><br>Nu Skin<br><br>RN: 1542160<br>SN: 73661858 | First Use: June 25, 1984<br>Filed: May 20, 1987<br>Registered: June 6, 1989 | (Int'l Class: 03)<br>cosmetics, namely, hand and body lotions, shampoo, facial scrubs and moisturizers |
| **NU SKIN**<br>RN: 3950663<br>SN: 85114552 | First Use: August 1, 2010<br>Filed: August 24, 2010<br>Registered: April 26, 2011 | (Int'l Class: 05)<br>dietary and nutritional supplements; dietary beverage supplements for human consumption in liquid and dry mix form for therapeutic purposes; dietary drink mix for use as a meal replacement; dietary supplemental drinks; dietary supplements; liquid nutritional supplement; meal replacement and dietary supplement drink mixes; powdered nutritional supplement drink mix; weight management supplements<br>(Int'l Class: 32)<br>beauty beverages, namely, fruit juices and energy drinks containing nutritional supplements<br>(Int'l Class: 44)<br>dietary and nutritional guidance |
| **NU SKIN and Design** | First Use: October 1, 2010<br>Filed: July 19, 2012<br>Registered: January 1, 2013 | (Int'l Class: 05)<br>dietary and nutritional supplements; dietary and nutritional supplements used for weight loss; dietary supplements; mineral supplements; nutritional supplements; vitamin supplements |

4

| Mark | Key Dates | Goods & Services |
|---|---|---|
| **NU SKIN**<br>RN: 4268338<br>SN: 85681442 | | |
| **NU SKIN CLEAR ACTION**<br>RN: 3037497<br>SN: 78238171 | First Use: May 30, 2002<br>Filed: April 15, 2003<br>Registered: January 3, 2006 | (Int'l Class: 03)<br>skin toners, facial creams, facial lotions |
| **NU SKIN 180**<br>RN: 2394310<br>SN: 75682625 | First Use: October, 1999<br>Filed: April 14, 1999<br>Registered: October 10, 2000 | (Int'l Class: 03)<br>Cosmetics, preparations and lotions for the care of the skin, namely, skin cleansing lotions, skin cleansing soaps, facial scrubs, mask packs of mud and/or clay, skin toner, skin moisturizers, body cleansing gels, exfoliators, hand lotions, body lotions, shaving lubricants, after shave lotions and sun screen for the skin |
| **NU SKIN RENU**<br>RN: 7384413<br>SN: 97739628 | First Use: July 1, 2008<br>Filed: January 3, 2023<br>Registered: May 14, 2024 | (Int'l Class: 03)<br>Hair creams; hair lotions; hair relaxers; hair styling preparations; hair shampoos and conditioners |
| **NU SKIN**<br>RN: 7077150<br>SN: 97445076 | First Use: November 1, 2022<br>Filed: June 6, 2022<br>Registered: June 6, 2023 | (Int'l Class: 09)<br>Downloadable computer application software for mobile phones, namely, software for providing skin care and dietary supplement information and advice; Downloadable computer programs for tracking sales data, payouts, and downline statistics.; Downloadable interactive multimedia computer program for company's salesforce use |

13. The marks set forth in the Registrations together with Nu Skin's common law rights in the NU SKIN mark are collectively referred to as the "NU SKIN Marks."

5

14. The Registrations for each of the marks set forth above are valid and subsisting and therefore constitute *prima facie* evidence of the validity of the marks and Registrations, and of Nu Skin's exclusive rights to use the marks in connection with the goods set forth in these Registrations in the United States.

15. The foregoing Registrations provide constructive notice of Nu Skin's ownership of its NU SKIN Marks.

16. Registration Nos. 1542160, 3037497, 3950663, 4879840, 2394310, and 4268338 are also incontestable pursuant to 15 U.S.C. §§ 1065 and 1115(b). They therefore constitute conclusive evidence of the validity of the marks set forth in the registrations and Nu Skin's exclusive rights to use these marks in connection with the goods and services set forth in the registrations in the United States.

17. Nu Skin has invested heavily in its business and its NU SKIN Marks, and as a result, has achieved substantial commercial success.

18. To advertise and promote its goods and services nationwide, Nu Skin uses its NU SKIN Marks on its website at <www.nuskin.com> and on its social media accounts including on Facebook (https://www.facebook.com/nuskin), TikTok (https://www.tiktok.com/@nuskinus), LinkedIn (https://www.linkedin.com/company/nu-skin-enterprises/), X (formerly Twitter) (https://twitter.com/nuskin), Instagram (https://www.instagram.com/nuskin), and YouTube (https://www.youtube.com/c/nuskin).

19. As a result of substantial sales and extensive advertising and promotion, the NU SKIN Marks have become well known as identifying Nu Skin's goods and services.

**Defendant's Infringing Trademark**

20. On information and belief, Defendant advertises and sells skincare preparations for improving and refining the appearance of the skin.

21. Defendant's skincare preparations are advertised and sold on Defendant's website at <https://nuimagemedical.com/nu-skin> under the NUSKIN mark ("Defendant's Mark"). Nu Skin refers to Defendant's skincare preparations under the NUSKIN mark as "Defendant's Goods."

22. Defendant filed Application No. 98198478 for the mark NUSKIN on September 26, 2023, at the United States Patent and Trademark Office in connection with its skincare preparations.

**Harm to Plaintiffs**

23. Defendant's NUSKIN mark is nearly identical in appearance, sound, connotation, and commercial impression to Plaintiffs' prior used and registered NU SKIN mark. The deletion of a space between NU and SKIN does not distinguish the marks. Accordingly, these marks are confusingly similar.

24. Defendant's Goods are identical, highly similar, and/or related to Nu Skin's skincare-related goods and services.

25. On January 14, 2026, the United States Patent and Trademark Office issued a final office action refusing Defendant's Application for Defendant's Mark on the basis of a likelihood of confusion with the marks shown in Nu Skin's Registration Nos. 7588891, 4144314, 1757962.

26. The office action confirmed that Defendant's Mark is nearly identical to Nu Skin's NU SKIN mark and that the parties' goods are related, have a common purpose of health and beauty of skin, and travel in the same trade channels.

27. Based on Plaintiffs' Registrations and the January 14, 2026, final office action issued against Defendant's Application, Defendant has both constructive and actual notice of Plaintiffs' rights in the NU SKIN mark.

28. Moreover, Defendant advertises and sells Defendant's Goods under Defendant's Mark nationwide through Defendant's website, and advertises Defendant's Goods under Defendant's Mark through its social media accounts:

- https://www.facebook.com/NuImageMedical/
- https://x.com/NuImage_Medical
- https://www.instagram.com/nuimagemedical/
- https://www.linkedin.com/company/nu-image-medical-inc-/about/

29. Defendant's trade channels for Defendant's Goods under Defendant's Marks are highly similar to those of Nu Skin's offerings under the NU SKIN Marks, at least because both parties advertise and sell products on social media and through their websites.

30. Defendant's Goods under Defendant's Mark are targeted to identical consumers to those of Nu Skin, namely consumers seeking to improve and refine the appearance of the skin.

31. Defendant's actions have caused, and continue to cause, irreparable harm to Nu Skin.

## COUNT I
### (Trademark Infringement Under 15 U.S.C. § 1114(1))

32. Plaintiffs incorporate the allegations contained in each of the paragraphs above by reference, as though fully set forth herein.

33. This is a claim for infringement of Plaintiffs' NU SKIN Marks, several of which are incontestable, as depicted in the certificates of registration attached as **Exhibit A**.

34. Nu Skin enjoys priority in its NU SKIN Marks by virtue of its prior use of and/or registrations for its NU SKIN Marks.

35. Defendant's Goods are identical, highly similar, and/or related to Plaintiffs' skincare-related goods and services.

36. Defendant's Mark so closely resembles Plaintiffs' prior used and/or registered NU SKIN Marks as to be likely, when used in connection with Defendant's Goods, to cause confusion, mistake, or deception as to the source or origin of Defendant's Goods, or the affiliation, sponsorship, or other relationship between the parties in violation of 15 U.S.C. § 1114(1).

37. By reason of Defendant's acts as alleged above, Plaintiffs have suffered and will continue to suffer damage and irreparable harm to the value and goodwill of the NU SKIN Marks, as well as irreparable harm to Plaintiffs' business, goodwill, and reputation. Nu Skin has no adequate remedy at law because damage to its goodwill and reputation is continuing and difficult to ascertain.

38. Defendant's continued use of the infringing Defendant's Mark is deliberate, willful, and fraudulent, and constitutes a knowing infringement of Nu Skin's NU SKIN Marks.

39. Defendant's continued conduct is knowing, deliberate, and/or willful, thereby entitling Plaintiffs to disgorgement of Defendant's profits, and attorneys' fees and costs incurred in this action, along with prejudgment interest.

## COUNT II
**(False Designation of Origin Under 15 U.S.C. § 1125(a))**

40. Plaintiffs incorporate the allegations contained in each of the paragraphs above by reference, as though fully set forth herein.

41. This is a claim arising from Defendant's unlawful acts, including, without limitation, use of a false designation of origin which is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's Goods, or the affiliation, sponsorship, or other relationship between the parties in violation of 15 U.S.C. § 1125(a).

42. Plaintiffs enjoy priority in the NU SKIN Marks by virtue of their prior use of and/or registrations for the NU SKIN Marks.

43. The NU SKIN Marks are inherently distinctive, or have acquired distinctiveness, as an indicator of source.

44. Defendant's Goods are identical, highly similar, and/or related to Plaintiffs' skincare-related goods and services.

45. Defendant's use of Defendant's Mark in connection with Defendant's Goods constitutes infringement of Nu Skin's rights because Defendant has willfully and deliberately used in commerce words, terms, names, and/or false designations of origin that have caused, and are causing, confusion and mistake as to the origin, sponsorship, or approval by Nu Skin of goods advertised, marketed, and sold by Defendant.

46. By reason of Defendant's acts as alleged above, Plaintiffs have suffered and will continue to suffer damage and irreparable harm to the value and goodwill of Nu Skin's NU SKIN Marks, as well as irreparable harm to Nu Skin's business, goodwill, and reputation. Nu Skin has no adequate remedy at law because damage to its goodwill and reputation is continuing and difficult to ascertain.

47. Defendant's continued use of the infringing Defendant's Mark is deliberate, willful, and fraudulent, and constitutes a knowing infringement of Nu Skin's NU SKIN Marks.

## COUNT III
### (Trademark Infringement Under Utah Code Ann. § 70-3a-402)

48. Plaintiffs incorporate the allegations contained in each of the paragraphs above by reference, as though fully set forth herein.

49. This is a claim for infringement of Nu Skin's NU SKIN Marks, as depicted in the certificates of registration attached as **Exhibit A**.

50. Nu Skin has not consented to Defendant's use of Defendant's Mark for Defendant's Goods.

51. Defendant's conduct is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's Goods, or the affiliation, sponsorship, or other relationship between the parties in violation of Utah Code § 70-3a-402.

52. By reason of Defendant's acts as alleged above, Nu Skin has suffered and will continue to suffer damage and irreparable harm to the value and goodwill of the NU SKIN Marks, as well as irreparable harm to Nu Skin's business, goodwill, and reputation. Nu Skin has no adequate remedy at law because damage to its goodwill and reputation is continuing and difficult to ascertain.

53. Defendant's continued use of the infringing Defendant's Mark is deliberate, willful, and fraudulent, and constitutes a knowing infringement of the NU SKIN Marks.

## COUNT IV
**(Unfair Competition and Practices Under Utah Code Ann. § 13-5-101, et seq.)**

54. Plaintiffs incorporate the allegations contained in each of the paragraphs above by reference, as though fully set forth herein.

55. This is a claim for violation of the Utah Unfair Competition and Practices Act arising from Defendant's unlawful acts, including, without limitation, infringement and diminution in value of Nu Skin's NU SKIN Marks.

56. Defendant's conduct is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's Goods, or the affiliation, sponsorship, or other relationship between the parties.

57. By its conduct, Defendant has caused Nu Skin irreparable harm, damage, and injury, including to the value and goodwill of Nu Skin's NU SKIN Marks, as well as to Nu Skin's business, goodwill, and reputation.

58. Upon information and belief, Defendant will continue to commit the acts complained of in this Complaint unless restrained and enjoined by this Court.

59. Nu Skin has no adequate remedy at law.

## JURY DEMAND

Nu Skin demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter Judgment in their favor as follows:

1. Granting temporary, preliminary, and permanent injunctive relief enjoining Defendant and each of its affiliates, subsidiaries, officers, directors, agents, servants, and employees, and all others aiding, abetting, or acting in concert therewith, from:

    A. using or attempting to register any mark that incorporates both NU and SKIN (or phonetic equivalents), or that is confusingly similar to the NU SKIN Marks, with skincare-, hair-, and diet- related goods and services;

    B. otherwise competing unfairly or committing any acts likely to confuse the public into believing that Defendant or Defendant's Goods are associated with, affiliated with, or sponsored by Plaintiffs, or are authorized by Plaintiffs, in whole or in part, in any way; and

2. Although an inadequate remedy at law for Defendant's future use of Defendant's Mark, ordering that Defendant disgorge and pay to Plaintiffs all profits derived by Defendant from Defendant's violations of the law in the use of Defendant's Mark to the date injunctive relief is granted.

3. Awarding Plaintiffs the costs of this action and their reasonable attorneys' fees and expenses.

DATED this 5th day of March, 2026.

>HOLLAND & HART LLP
>
>*/s/ Eric G. Maxfield*
>Eric G. Maxfield
>H. Matthew Horlacher
>*Attorneys for Plaintiffs*

**Plaintiffs' Address:**
75 W. Center Street
Provo, Utah 84601

34183110_v4